UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GARLAND E. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-cv-2540-CM-TJJ |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Garland E. Williams brings this case against the United States of America, United States District Judge for the Eastern District of Louisiana Martin L.C. Feldman, and United States Magistrate Judge for the Eastern District of Louisiana Michael B. North. Plaintiff was granted leave to proceed with this case without prepayment of fees, i.e. *in forma pauperis*, pursuant to 28 U.S.C. § 1915.[1]

When a party is granted leave to proceed in forma pauperis, § 1915(e)(2) requires the court to screen the party's complaint. The court must dismiss the case if the court determines the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.[2] The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[3]

---

[1] ECF No. 7.

[2] 28 U.S.C. § 1915(e)(2)(B).

[3] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint is analyzed by the court under the same sufficiency standard as a Rule 12(b)(6) motion to dismiss.[4] Dismissal of a pro se complaint for failure to state a claim is proper only "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[5] In determining whether dismissal is proper, the court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[6]

In making this analysis, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[7] Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[8] This does not mean, however, that the court must become an advocate for the pro se plaintiff.[9] *Sua sponte* dismissal under § 1915(e)(2) is also proper when the complaint clearly appears frivolous or malicious on its face.[10]

This is not the first case Plaintiff has filed in this Court. On January 31, 2018, Plaintiff filed a similar complaint also against the United States of America and a senior district judge for the Eastern District of Louisiana, as well as the clerk of the court for the Eastern District of

---

[4] *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007).

[5] *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

[6] *Id.*

[7] *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Lyons v. Kyner*, 367 F. App'x. 878, 881 (10th Cir. 2010).

[10] *Hall*, 935 F.2d at 1108.

Louisiana.  This Court dismissed Plaintiff's complaint on March 2, 2018, finding Plaintiff had failed to state a claim on which relief could be granted.[11]  Plaintiff then filed an identical complaint just three days later, on March 5, 2018.  This Court also dismissed that complaint for failure to state a claim on which relief could be granted on March 9, 2018.[12]

Like the two previous complaints, Plaintiff's current complaint is difficult to understand. For example, Plaintiff says: "Fore which reveals violation of laws-substantial evidence arising from the imposed; 'Report and Recommendation's' stipulation assertion [of] a non-abrogated implied *Sua-Sponte* motion acquisition-for-complaint redress dismissal because of exclaimed. . . ."[13]  The rest of the complaint is written in a similar fashion.

Plaintiff cites legal authority ranging from Article III of the United States Constitution to Chief Judge Learned Hand's opinion in *Gregoire v. Biddle*,[14] a Second Circuit case.  The complaint also cites to multiple different provisions of the United States Code.  In one sentence, the complaint cites to 28 U.S.C. § 1367(a), giving district courts supplemental jurisdiction over related claims, as well as citing multiple criminal statutes concerning knowing concealment of another's crime and criminal liability as a principal or an accessory after the fact.[15]  The complaint references the United States District Court for the District of Louisiana's lack of jurisdiction, the magistrate judges' failure to meet their obligations, and even issues of statutory interpretation.  But, the complaint does not make it clear what, if any, factual basis these claims rest on.  Plaintiff's claims seem to arise from factual allegations that the Magistrate Judge's

---

[11] *See Williams v. United States*, No. 18-4005-SAC-KGS, 2018 WL 1155983 (D. Kan. Feb. 14, 2018); *Williams v. United States*, No. 18-4005-SAC-KGS, 2018 WL 1138285 (D. Kan. Mar. 2, 2018).

[12] *See* Case No. 18-4018-SAC-KGS (ECF No. 5).

[13] ECF No. 3 at 3.

[14] 177 F.2d 579, 582 (2nd Cir. 1949).

[15] 28 U.S.C. § 1367(a); 18 U.S.C. § 2–4.

Report and Recommendation in *Williams v. USA et. al.*, 2:18-cv-2552-F-5 (E.D. La. 2018) was improper.  It is unclear what claim or claims Plaintiff is asserting, and Plaintiff does not state facts sufficient to show that this Court would have any jurisdiction over whatever claim he may be trying to assert.

It also appears that venue is not proper here.  Venue in federal courts is governed by 28 U.S.C. § 1391, which allows for venue in a judicial district where any defendant resides, if all defendants are from the same state, or any district where a substantial part of the events giving rise to the claim occurred.  If neither condition is met, then venue is proper in a district in which any defendant is subject to the court's personal jurisdiction with respect to the action.  In this case, Plaintiff and Defendants reside in Louisiana, and the events giving rise to Plaintiff's claim occurred in Louisiana.  It is unclear what, if any, connection to Kansas exists in this case.

Plaintiff's legally recognized claims are not supported by sufficient facts to state a claim for relief.  Additionally, the discernible factual allegations involve actions taken by Judge Feldman and Judge North in *Williams v. USA et. al.*, 2:18-cv-2552-F-5 (E.D. La. 2018).  These claims appear to be barred by judicial immunity.[16]  The United States is also likely immune from this suit,[17] but the complaint does not address what actions by the United States give rise to any claim against it.

Construing the allegations in Plaintiff's complaint liberally and in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted, and Plaintiff seeks monetary relief from defendants who are immune from such

---

[16] *Henriksen v. Bentley*, 644 F.2d, 852, 855 (10th Cir. 1981) ("Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction . . . .").

[17] *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (explaining that the United States is immune from suit unless it consents to be sued).

relief. It would therefore be futile to give Plaintiff an opportunity to amend his complaint.

Accordingly, the undersigned U.S. Magistrate Judge recommends that Plaintiff's complaint and this case be **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## NOTICE OF RIGHT TO FILE OBJECTIONS

Plaintiff is hereby informed that, within 14 days after being served with a copy of this Report and Recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, file written objections to the Report and Recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the recommended disposition. If Plaintiff does not timely file his objections, no court will allow appellate review.

A copy of this Report and Recommendation shall be mailed to Plaintiff by certified mail.

IT IS SO ORDERED.

Dated November 29, 2018, at Kansas City, Kansas.

*s/ Teresa J. James*  
Teresa J. James  
United States Magistrate Judge