# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GARLAND E. WILLIAMS,

      Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

      Defendants.

Case No. 18-2540-CM-TJJ

## MEMORANDUM AND ORDER

Plaintiff Garland E. Williams brings this action pro se and in forma pauperis, asserting claims against defendants United States of America; Martin L.C. Feldman, United States District Judge for the Eastern District of Louisiana; and Michael B. North, United States Magistrate Judge for the Eastern District of Louisiana. Magistrate Judge Teresa J. James reviewed plaintiff's complaint sua sponte and issued a Report and Recommendation that the court dismiss plaintiff's case for failure to state a claim upon which relief can be granted. Plaintiff timely objected to the Report and Recommendation.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court may dismiss sua sponte an in forma pauperis action as failing to state a claim upon which relief may be granted. *Whitney v. New Mexico*, 113 F.3d 1170, 1172–73 (10th Cir. 1997); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii). Such dismissal is warranted where it is "patently obvious" that the plaintiff cannot prevail on the facts alleged and that amendment would be futile. *Whitney*, 113 F.3d at 1173 (citations and quotations omitted). The court must determine "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl.Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). The court will dismiss the complaint if the

complaint does not "give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* Plaintiff must "nudge[] [his] claims across the line from conceivable to plausible" to avoid dismissal. *Twombly*, 550 U.S. at 570.

The court is mindful of the fact that plaintiff is proceeding pro se. Because of plaintiff's pro se status, the court affords him some leniency in construing his complaint. *Asselin v. Shawnee Mission Med. Ctr., Inc.*, 894 F. Supp. 1479, 1484 (D. Kan. 1995) (citation omitted). The court may not, however, assume the role of advocate for plaintiff simply because he is proceeding pro se. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citations omitted). Nor should the court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173–74 (citation omitted).

Plaintiff's complaint lacks any factual basis for relief. As Judge James noted, plaintiff's complaint is difficult to understand, including allegations such as: "Fore which reveals violation of laws-substantial evidence arising from the imposed; 'Report and Recommendation's' stipulation assertion [of] a non-abrogated implied Sua-Sponte motion acquisition-for-complaint redress dismissal because of exclaimed . . . ." (Doc. 5, at 12.) His claims are unclear, and plaintiff does not identify facts sufficient to show that this court has jurisdiction over his claims. Plaintiff's objections to Judge James's Report and Recommendation are no less coherent. For example, plaintiff argues, "Therefore, with the complaint pleadings facial attack, the Magistrate judge's report and recommendation rendering cognizable dissent of finding inconsistency to complainant's pleading's fact of legal law basis; in opposition of complainant's pleadings averring advance procedural evidentiary consistency . .

. ." (Doc. 10, at 6.) At this stage of the case, plaintiff must "nudge[] [his] claims across the line from conceivable to plausible" to avoid dismissal. *Twombly*, 550 U.S. at 570. He has not done so.

In addition, as Judge James noted, venue does not appear proper in the District of Kansas. Plaintiff and defendants reside in Louisiana, and the event giving rise to plaintiff's claims occurred in Louisiana. Any connection to Kansas is unclear.

Another problem with plaintiff's complaint is that any claims against Judges Feldman and North are barred by judicial immunity. *Henriksen v. Bentley*, 644 F.2d, 852, 855 (10th Cir. 1981) ("Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction . . . ."). Likewise, the United States has immunity, although the court cannot discern a basis for any claim against the United States. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (explaining that the United States is immune from suit absent consent). Plaintiff has not alleged any facts or circumstances suggesting that immunity would be denied in this case.

Finally, the court finds that amendment would be futile. Even if plaintiff were to seek to amend to add a factual basis for his claims, he still could not overcome the hurdles of immunity and venue.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of Magistrate Judge Teresa J. James (Doc. 8) is adopted.

**IT IS FURTHER ORDERED** that plaintiff's complaint is dismissed for failure to state a claim under the standards of Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for summons authorization and appointment of process server (Doc. 12) is denied as moot.

The case is closed.  The Clerk of Court is directed to enter judgment against plaintiff and in favor of defendants.

Dated this <u>15th</u> day of January, 2019, at Kansas City, Kansas.

                                                **<u>s/ Carlos Murguia</u>**
                                                **CARLOS MURGUIA**
                                                **United States District Judge**